# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KELVIN DUNN | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 16-13545 |
| | * | |
| MARQUETTE TRANSPORTATION CO., LLC | * | SECTION "L" (5) |

## ORDER & REASONS

Before the Court is Plaintiff's Motion *in limine*, R. Doc. 29, to exclude various evidence from the bench trial in this matter scheduled to begin Monday, July 10, 2017. Defendant timely responds. R. Doc. 31. Having reviewed the parties' arguments and applicable law, the Court now issues this Order and Reasons.

## I. BACKGROUND

Plaintiff filed this Jones Act Claim to recover damages for personal injuries he sustained after a slip and fall while working for Defendant. R. Doc. 1 at 1-2. According to Plaintiff, on August 21, 2015, Kelvin Dunn was employed by Defendant Marquette Transportation Company as a boat captain on the M/V ST. RITA. R. Doc. 1 at 1-2. While off-duty, he was alerted to a fuel leak in the engine room of the vessel. R. Doc. 1 at 2. When he went to investigate the problem, he climbed down the stairs and entered the engine room, and slipped on a substance on the floor resulting in numerous fractures to his hip and/or femur, which required emergency surgery, as well as injuries to his lumbar spine. R. Doc. 1 at 3. Plaintiff alleges that his injuries were caused by Defendant's negligence and unseaworthiness of the vessel. R. Doc. 1 at 3.

Plaintiff seeks past, present and future damages for lost wages and earning capacity, physical and mental pain and suffering, disability and loss of enjoyment of life, medical expenses, loss of found, and disfigurement, as well as any other damages recoverable under the

1

law. R. Doc. 1 at 4. Plaintiff also seek payments for maintenance and cure, in the event these payments are not timely made, in addition to punitive damages, attorney's fees and costs. R. Doc. 1 at 5.

Defendant timely answers, and alleges that Plaintiff has not stated a claim upon which relief can be granted. R. Doc. 5 at 1. Defendant admits that Plaintiff was a Jones Act Seaman, employed by Defendant, and was a crew member on a vessel in navigable waters. R. Doc. 5 at 2. Defendant denies all other allegations. R. Doc. 5 at 2. Defendant raises several affirmative defenses, including failure to mitigate, comparative fault, third party negligence, and the limitation of liability defense. R. Doc. 5 at 3. Further, Defendant argues that the vessel was not unseaworthy, it has acted reasonably in regard to maintenance and cure obligations, and was not negligent in the maintenance of the vessel. R. Doc. 5 at 4.

## II.     PRESENT MOTIONS

Plaintiff has filed a Motion *in limine* seeking to exclude evidence at the upcoming bench trial. R. Doc. 29. First, Plaintiff seeks to exclude any evidence of his 1998 DWI conviction and resulting prison sentence. Plaintiff argues that this information is irrelevant; and even if it were relevant under Federal Rule of Evidence 402, it would be excluded under Rule 403, as the prejudicial nature of this evidence far outweighs any substantive value. Defendant responds that this conviction is relevant, as Plaintiff's prior criminal record could impact his future employment opportunities and therefore damages in this case. R. Doc. 31.

Second, Plaintiff argues that any evidence regarding the anti-anxiety medication he was prescribed is inadmissible. R. Doc. 29. According to Plaintiff, Defendant was aware of his medical condition, and Plaintiff never took the prescribed medication while on the vessel. Defendant argues that this evidence is relevant to show Plaintiff's credibility and whether his

reaction to the fuel leak on the day of the accident was reasonable. Further, Defendant argues that because this medication would have disqualified Plaintiff from employment as a caption, the evidence is relevant to evaluate his future earning potential. R. Doc. 31.

Third, Plaintiff seeks to exclude any reference to how health insurance could reduce Plaintiff's future medical expenses. R. Doc. 29. Plaintiff argues that this possible future benefit is speculative, barred by the collateral source doctrine, and irrelevant, as Defendant is required to provide for his medical expenses under the doctrine of maintenance and cure. Defendant argues that because healthcare coverage is mandatory under the Affordable Care Act, Plaintiff will be required to obtain insurance coverage, which will necessarily decrease his future medical expenses. R. Doc. 31.

Finally, Plaintiff argues that Defendant should be barred from raising the affirmative defense of the primary duty doctrine, as it does not apply in this case. R. Doc. 29. According to Plaintiff, the primary duty doctrine only bars a plaintiff's recovery when he is injured solely as a result of his own breach of a duty he consciously assumed in his employment duties. Thus, he avers it does not apply to this case, and should be excluded from trial. Defendant disagrees. According to Defendant, the primary duty doctrine does apply in this case, as Plaintiff was injured as a result of his own negligence. R. Doc. 31.

### III. LAW AND ANALYSIS
#### a. Evidence of 1998 DWI conviction

Under the Federal Rules, relevant evidence is generally admissible. Relevance is defined as having any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed. R. Evid. 401, 402. However, even relevant evidence may be excluded "if its probative value is substantially

3

outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Generally, courts apply this balancing test to determine the admissibility of criminal convictions.

Here, Plaintiff's nearly twenty-year old criminal conviction is not relevant to this case. Defendant was aware of the conviction, and with this knowledge employed him as a captain. The fact that Plaintiff pled guilty to a DWI twenty years ago does not make any fact in this matter more or less probable. Further, even if the evidence were relevant to show Plaintiff's potential future earnings, such minimal probative value would be substantially outweighed by the prejudicial effect of this evidence. Even considering the more lenient standard often used when admitting evidence in bench trials, the Court finds that the prejudicial effect of this evidence substantially outweighs any potential relevance, and therefore shall not be admitted at trial. *See* Fed. R. Evid. 403.

### b. Evidence regarding anxiety treatment and medication

Plaintiff argues any evidence regarding his anxiety medication is also irrelevant. However, the Court disagrees. Relevance is defined as having any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed. R. Evid. 401, 402. Testimony and evidence regarding Plaintiff's anxiety treatment and medication is relevant to show Plaintiff's credibility. Additionally, it is relevant to determine Plaintiff's future employment opportunities. Further, particularly during a bench trial, this evidence will have minimal prejudicial effect and thus passes Federal Rule of Evidence 403's balancing test. Therefore, evidence regarding Plaintiff's anxiety treatment and medication is admissible.

### c. Collateral Source Rule

Plaintiff argues that Defendant should be prevented from entering any evidence that Plaintiff's future medical costs should be reduced, or offset, by the benefits he would receive from health insurance, should he choose to purchase such coverage. While the Court recognizes that health insurance is now mandatory under the Affordable Care Act, there is no guarantee that Plaintiff will be bound by this mandate in the future. Furthermore, such a requirement does not mean Defendant is entitled to an offset for any benefits the Plaintiff *might* receive from such health insurance. The collateral source rule provides that payments received from an independent source are not deducted from the award the aggrieved party would otherwise receive from the wrongdoer. *Bellard v. Am. Cent. Ins. Co.*, 2007-1335 (La. 4/18/08), 980 So. 2d 654, 669. The rule was developed to prevent tortfeasors from benefitting when a victim has purchased insurance or other benefits. *Id*. Another purpose of the collateral source rule is to protect plaintiffs who have the "foresight to obtain insurance." *Phillips*, 953 F.2d at 930. "If tortfeasors could set off compensation available to plaintiffs through collateral sources, then plaintiffs who pay their own insurance premiums would suffer a net loss because they would derive no benefit from any premiums paid." *Davis*, 18 F.3d at 1244 n. 21. "Additionally, such plaintiffs might be left exposed to other misfortunes once their insurance coverage was depleted by the tortfeasors' negligence." *Davis*, 18 F.3d at 1244 n. 21 (citing Phillips, 953 F.2d at 930).

Thus, any benefit that Plaintiff might receive from health insurance he purchases in the future—even if he is still required by law to obtain such insurance—is a collateral source. Furthermore, these benefits are speculative at best, and should not be used as a basis for calculating Plaintiff's potential future medical expenses in this case. Therefore, any testimony regarding hypothetical benefits the Plaintiff might receive from health insurance he purchases in

the future shall not be admitted at trial.

### d. Primary Duty Doctrine

Finally, Plaintiff argues that the primary duty doctrine does not apply in this case, and Defendant should be barred from raising this affirmative defense at trial. While the Court appreciates both Plaintiff's and Defendant's arguments regarding the application of this rule, such arguments do not go to the admissibility of evidence regarding this doctrine, but are questions of law which shall be addressed at trial. Therefore, the Court shall hear evidence regarding the application of the primary duty doctrine during trial and will issue a substantive ruling at that time.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion *in limine*, R. Doc. 29, is **GRANTED** in part and **DENIED** in part.

New Orleans, Louisiana, this 7th day of July, 2017.

                                                      UNITED STATES DISTRICT JUDGE