UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELVIN DUNN** | **CIVIL ACTION NO.: 2:16 – cv-13545-EEF-MBN** |
| **VERSUS** | **JUDGE: ELDON E. FALLON** |
| | **MAGISTRATE: MICHAEL NORTH** |
| **MARQUETTE TRANSPORTATION COMPANY, LLC** | **SECTION "L", DIVISION 5** |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO REVIEW TAXATION OF COSTS AND MEMORANDUM IN SUPPORT OF SAME**

NOW INTO COURT, comes the Defendant, Marquette Transportation Company, LLC ("Marquette"), and for its response to Plaintiff's Motion to Review Taxation of Costs, respectfully avers at follows:

**ARGUMENT AND AUTHORITIES**

1.     The final judgment in this cause was entered September 11, 2017. Plaintiff's original Motion to Tax Costs was filed by Plaintiff on December 14, 2017; 93 days after the date of entry of judgment. Marquette filed its Opposition on December 20, 2017. On July 9, 2018, the Clerk denied Plaintiff's Motion for failure to file timely or to show good cause. Plaintiff is now asserting the Clerk erred in denying Plaintiff's motion and is seeking a review. Marquette submits the Clerk was correct in denying Plaintiff's motion.

2.     The Local Civil Rules for the Eastern District of Louisiana mandate that "(w)ithin 35 days of receiving notice of entry of *judgment*[1], unless otherwise ordered by the court, the party in whose favor judgment is rendered and who is allowed costs, must serve on the attorney for the

---

[1] As opposed to the disposition of a post-trial motion. The Clerk correctly noted the Plaintiff cited no authority indicating that the filing of a post-trial motion enlarges the period of time for filing a motion to tax costs under EDLA Local Civil Rule 54.3. Additionally, none of the costs presented by the Plaintiff included post-trial expenses to justify an enlargement of time. As such, there is no reason for the delay in filing the cost motion. Regardless, the plaintiff did not file the motion to tax costs until 38 days after the disposition of the post-trial motion, which is untimely.

1

adverse party and file with the clerk a motion to tax costs." E.D. La. Loc. R. 54.3. While there is a presumption to award costs to the prevailing party upon filing of a timely motion, the district court has wide discretion in determining whether to award costs, and Louisiana district courts have enforced the time limit for filing cost motions.[2] The time limit for filing the bill of costs may only be extended for "good cause shown". *Knoblauch v. Commissioner of Internal Revenue,* 753 F. 2d 125, 127 (5th Cir. 1985). In response to Plaintiff's first Motion, Marquette raised timeliness and Plaintiff did not reply to the Defendant's Brief and offered no explanation for the late filing to the Clerk. In this second Motion, Plaintiff is addressing the issue for the first time but still does not offer good cause for the delay.

3. In the present request for review, Plaintiff still does not offer good cause for the delay in filing the motion to tax costs. The only reasoning provided is "an oversight on the part of Plaintiff's counsel". (Doc. 83 p. 3). Courts have consistently held that attorney oversight is not good cause for the delay in filing under the Federal Rules of Civil Procedure. *Rogers v. Raycom Media, Inc.,* 2015 U.S. LEXIS 64883 (W.D. La. 2015) (Attorney oversight was not excusable neglect. Counsel did not file for an extension of time prior to the deadline and filed the motion without disclosing that it was untimely); *McGinnis v. Shalala*, 2 F.3d 548, 550 (5th Cir. 1993) (actions falling into the category of inadvertence, mistake or ignorance of counsel are not excusable neglect and do not establish good cause for extending the period for service); *Atel Mar.*

---

[2] *See Yousuf v. UHS of DeLaRonde, Inc.,* 1999 WL 301701 at*11 (E.D. La. May 10, 1999) (cost motion filed under EDLA Local Civil Rule 54.3 denied as untimely); *Rent-A Ctr. v. Barker,* 2009 U.S. Dist. LEXIS 90738, at *5 (W.D. La. Sept. 30, 2009) (denial of motion seeking costs filed six days after 30-day deadline found in Local Rules); *Pilkington N. Am., Inc. v. Smith,* 2014 U.S. Dist. LEXIS 163595, at *8 (M.D. La. Nov. 21, 2014) (denial of motion seeking costs filed fifty-five days after 30-day deadline found in Local Rules). Likewise, courts in other districts have denied costs where the motions were filed after the applicable deadline: *See Kirkland v. Martin,* 2013 WL 3981409, at *2 (S.D. Tex. August 2, 2013) (denial of request to enter bill of costs filed one day after 14-day deadline found in Local Rules); *Rhines v. Salinas Construction Technologies, Ltd.,* 2013 WL 1455655, at *3 (S.D. Tex. April 9, 2013) (denial of request to enter bill of costs filed thirty days after date Final Judgment entered); *Kretchmer v. Eveden, Inc.,* 2009 WL 1939036, at * 1-2 (denial of request to enter bill of costs filed 63 days after date court denied party's motion for new trial). Also, see additional cases cited by the Clerk of Court.

*Investors, LP v. Sea Mar Management, LLC,* 2014 U.S. LEXIS 7778 (E.D. La. 2014). In *Atel,* the Court reasoned that oversight on the part of counsel is not a viable basis for excusable neglect. The Court reasoned that where a deadline in the Federal Rules of Civil Procedure is unambiguous, a district court's determination that the neglect is inexcusable is virtually unassailable, because otherwise almost every appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline (citing *McGinnis*). Therefore, because Plaintiff's counsel does not offer good cause for the delay in filing, other than attorney oversight, the motion should be denied.

    4.    Plaintiff also suggests the Clerk did not articulate good reason to support the denial of the cost motion, citing *Energy Mgmt. Corp. v. City of Shreveport,* 467 F. 3d 471, 483 (5th Cir. 2006) and *Schwartz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). However, in both of those cases, the district court offered *no* explanation for the denial and the Fifth Circuit remanded for further consideration. Further, the Fifth Circuit held that the district court may exercise its discretion to deny the costs but that an explanation was necessary to support the denial. *Energy Mgmt. Corp.,* 467 F.3d at 483. In the instant case, the Clerk specifically articulated the reasons for denial and cited ample authority to support the denial. As the district court has wide discretion in determining whether to award costs, and the Clerk has articulated good reason for denying the Plaintiff's request for costs, the denial should stand.

    5.    Alternatively, should the Court find a review of the Taxation of Costs to be in order, the Plaintiff does not address the reduction in costs outlined by the Clerk. For example, unless court appointed , the district court is bound by the limit of 28 U.S.C. § 1821 (b) which provides that the taxation of witness costs is limited to an attendance fee of $40 per day for any day's attendance in court. Additionally, plaintiff's attorney's lodging expenses and mileage costs are

3

not included in 28 U.S.C. § 1920 and are not taxable. Therefore, the reduction of costs in the amount of $7,820.55 were deemed to be incurred for use in the case *if* Plaintiff's motion for costs was timely filed.[3] Marquette submits that ample authority is provided to support the reduction in costs outlined by the Clerk. Marquette continues to object to the itemization as outlined in their previous Opposition to the Taxation of Costs. Pending a different outcome on appeal, Marquette continues to reserve their rights to contest any and all remaining items on the Affidavit of Costs.

## CONCLUSION

6. For the reasons outlined, the Plaintiff's request for review by this Honorable Court should be denied. The final judgment in this cause was entered September 11, 2017. Under the Local Rules of this Court and the standing precedent regarding filing of the bill of costs, Plaintiff was required to file its Request to Enter Bill of Costs no later than October 15, 2017. Said Bill of Costs was filed on December 14, 2017, 93 days after the deadline. Moreover, Plaintiff never sought leave from the Court to extend the deadline and has still not offered good cause to explain the delay. Accordingly, Marquette continues to object to Plaintiff's bill of costs, moves that the request for review be denied, and for such additional relief, at law, in equity or in admiralty, both general and special, to which it may show itself to be justly entitled. Should the Affidavit of Costs be considered, Marquette continues to request that several items be denied, as outlined in its Opposition, and reserves the right to contest any of the remaining items listed.

Respectfully submitted, this 1st day of August, 2018.

MARQUETTE TRANSPORTATION COMPANY, LLC.

BY: SCIALDONE LAW FIRM, PLLC

*/s/ John A. Scialdone*
John A. Scialdone (LA Bar No. 21859)
John S. Garner (LA Bar No. 25314)

---

[3] Plaintiff seeks taxation of $25,469.94 in costs. (Doc 51-2).

        Anne S. Warren (LA Bar No. 23356)
        SCIALDONE LAW FIRM, PLLC
        1319 24th Avenue
        Gulfport, MS 39501
        Telephone: (228) 822-9340
        Facsimile: (228) 822-9343
        Email: jscialdone@slfirmus.com
        *Attorneys for Marquette Transportation Co., LLC*

### **CERTIFICATE OF SERVICE**

    I hereby certify that on August 1, 2018, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

        */s/ John A. Scialdone*