UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KELVIN DUNN | * | CIVIL ACTION |
| VERSUS | * | NO. 16-13545 |
| MARQUETTE TRANSPORTATION COMPANY, LLC | * | SECTION "L"(5) |

## ORDER & REASONS

Before the Court is Plaintiff's Motion to Review Taxation of Costs. R. Doc. 86. Defendant responds in opposition. R. Doc. 87. Having reviewed the parties' briefs and applicable law, the Court now issues this Order and Reasons.

### I. BACKGROUND

Plaintiff filed a Jones Act Claim to recover damages for personal injuries he sustained after a slip and fall while working for Defendant. R. Doc. 1 at 1-2. On August 21, 2015, Kelvin Dunn was employed by Defendant Marquette Transportation Company as a boat captain on the M/V ST. RITA. While off-duty, Plaintiff went to inspect a fuel leak in the engine room of the vessel. When he climbed down the stairs and entered the engine room, he slipped and fell, resulting in numerous fractures to his hip and/or femur, which required emergency surgery, as well as injuries to his lumbar spine. On August 22, 2016 Plaintiff filed an amended complaint, including a jury demand. R. Doc. 4.

Plaintiff sought past, present and future damages for lost wages and earning capacity, physical and mental pain and suffering, disability and loss of enjoyment of life, medical expenses, loss of found, and disfigurement, as well as any other damages recoverable under the law. Additionally, Plaintiff sought payments for maintenance and cure, in the event these payments are not timely made, in addition to punitive damages, attorney's fees and costs.

1

On January 5, 2017, Plaintiff filed a second amended complaint, adding Certain Underwriters at Lloyd's as a defendant. R. 17. Plaintiff claimed Lloyd's provided liability insurance to Marquette at the time of the accident.

The Court held a bench trial the week of July 10, 2017. The Court found in favor of Plaintiff and judgment was entered in favor of Plaintiff Dunn on September 8, 2017. Plaintiff filed a Motion to Tax Costs on December 14, 2017. R. Doc. 51. Defendant opposed this motion. R. Doc. 53. The Clerk's Ruling denying the Motion to Tax Costs was issued on July 9, 2018. R. Doc. 82. Subsequently, Plaintiff filed the present motion before the Court.

## II. PRESENT MOTION

Plaintiff moves to review the motion to tax costs against the Defendant. Plaintiff has submitted a memorandum in support of motion to tax costs and asked the Court to award those costs to the Plaintiff under Rule 54(d)(1) and the Court's decree of September 7, 2017. R. Doc. 86. Defendant has opposed this motion. R. Doc. 87.

## III. LAW & ANALYSIS

### A. Applicable Federal and Local Rules

Federal Rule of Civil Procedure 54(d)(1) stipulates that for costs other than attorney's fees:

> Unless a federal statute, these rules, or a court order provides otherwise, costs— other than attorney's fees — should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

The Local Civil Rules of the United States District Court for the Eastern District of Louisiana mandate that a Motion to Tax Costs must be filed by the prevailing party within 35 days of receiving notice of judgment. LR 54.3.

### B. Discussion

Plaintiff urges the court to review the Motion to Tax Costs and award the Plaintiff $7,820.55 in costs incurred. Plaintiff filed a Motion to Tax Costs 93 days after the entry of judgment and 38 days after the denial of Motion to Alter Judgment and Amend Findings of Fact. R. Doc. 51. District Courts enforce the 35-day deadline for filing a Motion to Review Costs. *See Thornton v. Colvin*, 2016 WL 3952040 (E.D. La. July 22, 2016) (denying cost motion filed after the 35-day Rule 54.3 deadline); *Yousuf v. UHS of De La Ronde, Inc*., 1999 WL 301701 at *11 (E.D. La. May 10, 1999) (denying cost motion filed after Rule 54.3 deadline). Courts have accepted late filings when the party can demonstrate "good cause" for the delay in filing. *See Knoblauch v. Comm'r of Internal Revenue*, 752 F.2d 125, 127-28 (5th Cir. 1985) (allowing the late filing of a Motion to Tax Costs due to the winter holiday mailing rush); *Saunders v. Wash. Metro. Transit Auth.*, 505 F.2d 331, 334 (D.C. Cir. 1974) (finding good cause existed where plaintiff received an invoice late).

Here, Plaintiff has only put forth that the late filing was due to "oversight on the part of Kelvin Dunn's counsel." R. Doc. 86 at 3. Mistake or oversight by counsel does satisfy the "good cause" requirement for extending a deadline for filing. *McGinnis v. Shalala*, 2 F.3d 548, 550-51 (5th Cir. 1993). The motion was filed well after the 35-day deadline and Plaintiff has not established good cause for the filing delay.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Review Taxation of Costs, R. Doc. 86, is **DENIED**.

New Orleans, Louisiana, this 21st day of August, 2018

_____
UNITED STATES DISTRICT JUDGE